White, J.
concurred. I admit that the Legislature of Tennessee has no right to pass a law violating the provisions of the Constitution of the United States, but the clause in the statute now under discussion is nohow violative of that instrument. It was alone the object of the framers of the Constitution, by inserting the section which has been relied upon by the counsel for the plaintiff to secure the administration of impartial justice when the cause got into court, alike to the non-resident and to the citizen. It requires only for instance, that it shall be necessary to ¡iroduce the same evidence, in order to support an action by a citizen as if it had been brought by an inhabitant of another State, but it never meant to disturb the local policy of the several States as to the mode of commencing actions. We must then be governed by the statute before referred to, which, taking it altogether, requires that one of the parties shall be a citizen of this State before an original attachment can issue.
Nor was it necessary in this case to have craved oyer of the attachment. It was already a part of the record, and craving oyer would only be unnecessarily putting again that upon the record which was already there.
And now at this day the following written opinion of the Court was delivered by Judge White: —
This is a case of an original attachment against a non-resident defendant. The attachment and the affidavit on which it is founded, state the defendant to be a citizen of another State. The defendant, without craving oyer of the attachment or affidavit, has plead in abatement that the plaintiff is a citizen of Pennsylvania. To this plea the plaintiff has demurred, and in support of the demurrer it has been insisted, 1st, That the plea is bad, because it does not show that the defendant, as well as the plaintiff, is a citizen of another State; and that as oyer has not been craved, the Court cannot look into the record further back than the declaration. 2d, That *39 if the plea had shown that both parties were non-residents, still it ought not to be supported, because the Constitution of the United States provides, “ That the citizens of each State shall be entitled to all the privileges and immunities of the citizens of any other State ” ; which provision it is supposed extends the operation of our statute authorizing attachments.
Upon the first ground assumed by the plaintiff’s counsel, we do not believe the demurrer ought to be sustained. To support the plea in abatement, two facts are material to be disclosed, to wit: That both plaintiff and defendant were citizens of some other State. The plea upon its face shows of what State the plaintiff is a citizen, and the attachment and affidavit show where the defendant resides. We believe we are authorized to look into them upon this question. The defendant needed not to have craved oyer of them; they are records of the Court. And craving oyer and setting them out would only have lengthened the plea without any possible benefit. The act of Assembly itself makes the attachment the leading process, which as to this point places it on the same footing with a capias ad respondendum. It seems to us that the plea need only disclose to the Court such facts as are material and are not already known from the preceding part of the record.
As to the second point we believe the clause in the Constitution was not designed to affect cases of this kind. Suppose the State legislature to say that a citizen plaintiff when commencing a suit need not give security for costs, but that a plaintiff who was a citizen of another State should, or that a citizen defendant should be summoned, and that a defendant who was not a citizen should be compelled to give special bail to the action, would these provisions be inconsistent with the Constitution ? it is conceived not. The States, it seems to us, are still left at liberty to prescribe the mode of commencing and conducting suits in their own courts, and that if they provide extraordinary remedies for their own citizens in extraordinary cases, it will not from thence follow that citizens of other States can claim them likewise; they are still left at liberty to pursue their debtors in the ordinary way where they can be found.
It seems to us most probable that this clause in the Constitution was intended to compel the general government to extend the same privileges and immunities to the citizens of every State, and not to permit that government to grant privileges or immunities to citizens of some of the States, and withhold them from those of others; and that it was-never designed to interfere with the local policy of the State governments as to their own citizens. The question must then be decided upon our attachment law. And to authorize an attachment, some one or both of the parties must be citizens of this State. If the defendant is a citizen, and absconds, the attachment can issue, whether the plaintiff is a citizen or not. If the defendant *40 is not a citizen, the attachment can only be taken by a creditor who is a citizen.
The plea must be sustained, and the attachment abated.